UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NEW EASTERN FRESH PRODUCE CORP.,

                    Plaintiff,

         - against -

TUMI PRODUCE INTERNATIONAL CORP.,
CATHERINE BRACHO, WILLIAM BRACHO,
ULTRA FRESH, LLC and MICHAEL E. FELIX,

                    Defendants.

------------------------------------------------------------------X

Case No. 17-cv-8854 (WHP)

**STIPULATION AND ORDER**

Plaintiff New Eastern Fresh Produce Corp. ("Plaintiff" or "New Eastern") and defendants Ultra Fresh, LLC ("Ultra Fresh") and Michael E. Felix ("Felix") (Ultra Fresh and Felix collectively, "Defendants"), by and through undersigned counsel, hereby agree and stipulate to the following:

    1.     Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $68,304.78, plus accrued interest in the amount of $6,179.78 at the rate of 18% *per annum* through November 17, 2017 and reasonable attorneys' fees and legal expenses incurred by Plaintiff in the amount of $8,567.50 for a total debt under PACA in the amount of $83,052.06 (the "PACA Trust Debt"). Defendants also acknowledge owing Plaintiff the sum of $20,000.00 for an advance by Plaintiff to Defendants for goods which were never delivered by Defendants, resulting in a total debt to Plaintiff in the amount of $103,052.06 (the "Full Debt").

    2.     For full and final satisfaction of Plaintiff's claims against Defendants, whether asserted in this action or otherwise, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay to Plaintiff the sum of PACA Trust Debt in monthly installments of $4,614.00 commencing January 2, 2018 and continuing on the first day of each consecutive month,

- 1 -

or the immediately following business day, until the PACA Trust Debt is paid in full. All payments to be made under this Stipulation and Order shall be paid so as to be received on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE. All payments shall be made by wire transfer, bank check or cash and shall be paid so as to be received by Plaintiff or Plaintiff's bank on or before the date and time payment is due. Plaintiff shall provide Defendants with Plaintiff's wiring instructions upon request. Plaintiff shall have sole and exclusive discretion in determining how to apply to the Full Debt any payments received under this Stipulation and Order.

3.     In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, Defendants shall have the right to cure such default by paying the amount due within three (3) business days after notice of such default is sent to Defendants' counsel, Bruce Levinson, via email at bruce.levinson@blevlaw.com. Notwithstanding the foregoing, Defendants' right to cure a default in making the payments as provided hereinabove shall be limited to two (2) such occurrences, and this provision is of the essence. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

4.     In the event that Defendants default in performing any of their obligations set forth in this Stipulation and Order, and either fail to cure or are not afforded any further opportunities to cure, then Plaintiff shall be entitled to file the Joint Motion for Entry of Judgment in the form attached hereto as Exhibit A (the "Joint Motion") either in the above-captioned action or a later-filed action seeking entry of the Final Judgment and Order attached to the Joint Motion. Defendants hereby: (a) consent to the relief requested in the Joint Motion; (b) agree to timely execute any documents requested by Plaintiff, and cooperate in good faith with Plaintiff's efforts to enter the Final Judgment and Order against them; and (3) hereby expressly waive any rights or

defenses other than payment, including but not limited to waiver, laches, or other defenses based on the passage of time, which they would be able to assert in opposition to Plaintiff's efforts to enter judgment against them based on the Joint Motion. The amount of the Final Judgment and Order entered pursuant to the Joint Motion shall be the amount of the Full Debt prescribed in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiff as a result of Defendants' default, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

5.    The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3). The original credit terms between the Parties are not intended to be modified, nor are they modified by this Settlement Agreement. Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Settlement Agreement are in addition to its rights under said trust.

6.    This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in counterparts, and collectively all signed counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

7.    The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys, and having availed themselves of that opportunity to the extent they desired to do so.

8.      No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any right, unless otherwise stated in writing.

9.      This case shall be administratively closed, but may be reopened to enforce the terms and conditions of the Stipulation and Order without further costs or fees. Upon payment in full by Defendants of all monies required to be paid by this Stipulation and Order, Plaintiff shall cause this action to be discontinued with prejudice and without costs.

10.      The Order entered by the Court on November 15, 2017 (Docket No. 15) is hereby dissolved.

11.      This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their attorneys.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated this 27th day of November, 2017.

Attorneys for Plaintiff
McCarron & Diess

By: _____
Gregory Brown
707 Walt Whitman Road, 2nd Floor
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

Attorney for Defendants
Ultra Fresh, LLC and Michael E. Felix
Law Office of Bruce Levinson

By: _____
Bruce Levinson
805 Third Avenue, 12th Floor
New York, New York 10022
(212) 750-9898
Bruce.levinson@blevlaw.com

**SO ORDERED:**

ENTERED this  28  day of _____November_____, 2017.

SO ORDERED:

- 4 -

WILLIAM H. PAULEY III
U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

NEW EASTERN FRESH PRODUCE CORP.,

                Plaintiff,

      - against -

TUMI PRODUCE INTERNATIONAL CORP.,
CATHERINE BRACHO, WILLIAM BRACHO,
ULTRA FRESH, LLC and MICHAEL E. FELIX,

                Defendants.
---------------------------------------------------------------------X

Case No.

**JOINT MOTION FOR**
**ENTRY OF JUDGMENT**

      **PLEASE TAKE NOTICE**, that upon the annexed declaration from Plaintiff's counsel, and the exhibits annexed thereto, and all other papers and proceedings heretofore had herein, plaintiff New Eastern Fresh Produce Corp. and defendants Ultra Fresh, LLC and Michael E. Felix hereby jointly move the Court for the entry of an order directing entry of judgment in Plaintiff's favor and against defendants Ultra Fresh, LLC and Michael E. Felix, jointly and severally, pursuant to the terms of the Stipulation and Order entered by the Hon. William H. Pauley III, and awarding Plaintiff such other and further relief as the Court deems just and proper.

//

//

//

//

//

//

//

- 1 -

**PLEASE TAKE FURTHER NOTICE**, pursuant to Local Civil Rule 6.1(b), any

opposing affidavits and answering memoranda shall be served upon Plaintiff's counsel within

fourteen days after service of these moving papers.

Dated:

<u>Attorneys for Plaintiff</u>
McCarron & Diess

By: _____
Gregory Brown
707 Walt Whitman Road, 2nd Floor
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

Attorney for Defendants
<u>Ultra Fresh, LLC and Michael E. Felix</u>
Law Office of Bruce Levinson

By: _____
Bruce Levinson
805 Third Avenue, 12th Floor
New York, New York 10022
(212) 750-9898
Bruce.levinson@blevlaw.com

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NEW EASTERN FRESH PRODUCE CORP.,

                         Plaintiff,

          - against -

TUMI PRODUCE INTERNATIONAL CORP.,
CATHERINE BRACHO, WILLIAM BRACHO,
ULTRA FRESH, LLC and MICHAEL E. FELIX,

                       Defendants.
------------------------------------------------------------------X

Case No.

**FINAL ORDER
AND JUDGMENT**

**THIS MATTER** having come before the Court on Joint Motion for Entry of Judgment (the "Motion") by plaintiff New Eastern Fresh Produce Corp. ("Plaintiff") and Ultra Fresh, LLC and Michael E. Felix (collectively, "Defendants"); and it appearing that pursuant to the terms of the Stipulation and Order previously entered by the Hon. William H. Pauley III, Plaintiff is entitled to file the Motion for entry of this Final Order and Judgment in the event Defendants have failed to make payments as required by the Stipulation and Order and Defendants have failed to cure the default in payment; and it appearing from the declaration of Plaintiff's counsel submitted in support of the Joint Motion that Defendants have failed to make payment and to cure that default in accordance with the Stipulation and Order; and for good cause shown;

       IT IS on this _____ day of _____, 201___,

       **ORDERED, ADJUDGED, AND DECREED**, that plaintiff New Eastern Fresh Produce Corp. ("Plaintiff"), is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*. ("PACA"), of defendants Ultra Fresh, LLC and Michael E. Felix (collectively, "Defendants"), jointly and severally, for a debt in the amount of $_____, plus interest in the amount of $_____ and reasonable

- 1 -

attorneys' fees, for a total judgment amount of $_____ under the trust provisions of the PACA, 7 U.S.C. § 499e(c); and it is further

      **ORDERED** that Defendants shall within five (5) business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, for distribution to Plaintiff; and it is further

      **ORDERED** that any and all funds belonging to Defendants, in the possession of third parties shall be immediately turned over to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, for distribution to Plaintiff; and it is further

      **ORDERED** that any and all funds owed to Defendants for produce or produce related items shall be paid directly to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, when due for distribution to Plaintiff; and it is further

      **ORDERED** that Defendants shall supply to Plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in connection with the assets and liabilities of Defendants and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

ENTERED this _____ day of _____, 201___.

 

                                 _____

                                   Hon. _____, U.S.D.J.